**ORTIZ et al. v. WOODWARD et al.**

**No. 12094.**

Court of Civil Appeals of Texas. San Antonio.

May 24, 1950.

Rehearing Denied June 21, 1950.

Kelley, Looney, McLean & Littleton, Victor Rochelle, A. G. Haigh, all of Edinburg, Frank G. Dyer, Houston, for appellants.

L. J. Polk, Pharr, Hall, Henrichson & Rawlins, Edinburg, for appellees.

MURRAY, Chief Justice.

This suit was instituted by William V. Woodward, Eunice Woodward Armstrong and her husband, Donald A. Armstrong,

against Isidoro Ortiz, George S. Anderson, Frank G. Dyer, Trustee, and Wallace Sanders, Trustee, in the nature of a trespass to try title, seeking to recover title and possession of the following described land, to-wit:

"17.19 acres of land, more or less, being all of the East one-half (E½) of Lot No. Seven (7), Section Two Hundred Seventy Four (274) of the Tex. Mex. Railway Company Survey of lands in Hidalgo County, Texas, Save and Except the 1.60 acres heretofore conveyed to the S. A. and A. P. Railway Company for railroad right-of-way, which is constructed over and across said land and Save and Except that certain strip of land along the east side containing 1.21 acres, which is the canal right-of-way and owned by Hidalgo County Water Control and Improvement District No. One, as reflected by the map or plat of said survey which is duly of record in the office of the County Clerk of Hidalgo County, Texas."

The trial was to the court without the intervention of a jury and resulted in judgment awarding title and possession of said 17.19 acres of land to the plaintiffs and from which judgment the defendants have prosecuted this appeal.

The appellees claimed title to the tract of land here involved by reason of a final judgment in cause No. A-2657, styled William V. Woodward et al. v. William Beldon et al., rendered in the District Court of Hidalgo County, 93d Judicial District, on December 19, 1938, but not filed for record in the office of the County Clerk of Hidalgo County until January 12, 1949. It was stipulated by the parties to the effect that the common source of title relied upon by the respective parties rested in C. M. Flinn in the year 1926. The appellants claimed title to the land by reason of a tax foreclosure suit, No. E-2458, styled State v. Borderland Orchard Company. The appellees were not made parties to this tax suit and therefore contended that their title was not affected by reason of the tax foreclosure.

The record shows that C. M. Flinn conveyed the property to William Beldon by deed dated September 14, 1926; William Beldon conveyed to G. B. Langford; Langford conveyed to John Gardal. Appellants became the owners of certain vendor's lien notes held against the property by Mrs. C. M. Flinn, which she had previously transferred to Mrs. T. W. Sutherland. The suit of Woodward v. Beldon, Cause No. A-2657, was a suit to foreclose on these vendor's lien notes, and it is upon the judgment in that case that the appellees rely to show title in themselves to the property in the present suit. Appellants have filed two briefs. In the first brief filed on behalf of appellants George S. Anderson, Frank G. Dyer, Trustee, and Wallace Sanders, Trustee, it is contended that this judgment is insufficient to decree the title and possession of the property involved to be in appellees, but, on the contrary, such judgment actually decrees the title and possession of the property to be in William Beldon. This contention is based upon the fact that the decree first awards the property to appellees and then decrees that appellees take nothing as against the defendant William Beldon.

We are aware of the fact that in a trespass to try title suit, where the judgment simply provides that the plaintiff take nothing against the defendants, such decree has the effect of awarding the property involved to the defendants. But when the entire decree is read in this case, it is quite clear that the title and possession of the property was awarded to the appellees with a further provision that they take nothing as against the defendant William Beldon, and the decree is sufficient to award the title and possession of the property involved to the appellees. In view of the fact that this question will become immaterial due to the disposition we shall make of another question involved in this appeal, we will not discuss the matter further.

The trial judge filed his findings of fact and conclusions of law and, among other things, found in Finding No. 13, that the attorney filing the tax suit had notice of appellees' interest in the land. We are of the opinion that the evidence is insufficient as a matter of law to support this finding. In attempting to show that the

tax attorney had knowledge of appellees' claim to the land the appellees introduced the affidavit for citation by publication in said cause, deposition of H. G. Ferguson, and index card from the files of the Abstract Company, relating to the property involved in this suit. Appellees called as a witness W. F. Tinkler, owner of the Hidalgo and Starr Counties Abstract Company, for whom H. G. Ferguson worked, also Hollis Rankin, Esq., the Delinquent Tax Attorney, who filed Cause No. E-2458. The appellants called Truett Hubbard, the present Delinquent Tax Attorney of Hidalgo County, and also W. F. Tinkler. The pertinent part of the affidavit for citation by publication, with regard to notice, reads as follows:

"That plaintiff is advised that there may be some unknown person claiming some right, title or interest in and to the property described in plaintiffs' first amended petition."

The index card from the files of the abstract company had a notation on it with reference to the Woodward judgment in cause No. A-2657. H. G. Ferguson, by deposition, testified that it was his duty to furnish to the Delinquent Tax Attorney, Hollis Rankin, Esq., the data with reference to the property on which suit was being filed for delinquent taxes. He further testified that the notation on the index card was in his handwriting. He did not know whether or not he furnished the tax attorney with any information about the Woodward judgment in Cause No. A-2657. W. F. Tinkler testified to the effect that Ferguson worked for him during the years 1943–1945 in furnishing title information to the County Delinquent Tax Attorney, and that it was customary for his abstract company to take off the judgments affecting title to land from the files of the district clerk. He did not know whether the information on the index card was furnished to the Delinquent Tax Attorney or not. Hollis Rankin, Esq., the Delinquent Tax Attorney, testified that he filed the affidavit for citation by publication. He testified further that Ferguson customarily gave him a sheet of paper having thereon information required as to the owners, lienholders and other persons claiming interest in the property to be foreclosed. He did not recall what information was furnished him with reference to the property involved in this suit, but stated that the files of the delinquent tax attorney's office would show what information had been furnished. Truett Hubbard, Esq., present Delinquent Tax Attorney for Hidalgo County, testified that he had custody of the files of the delinquent tax office and that he had the file on Tax Suit No. E-2458, and that it contained the information sheet furnished the delinquent tax attorney for the purpose of bringing the suit, and that no information appeared on such sheet as to any interest that the Woodwards might hold in the property involved. The Woodward judgment in Cause No. A-2657, though obtained in 1938, was not recorded in the County Clerk's office, as is required by Articles 6627 and 6638, Vernon's Ann. Civ.Stats.

 The evidence fails to show that the delinquent tax attorney had knowledge either actual or constructive of the judgment in Cause No. A-2657, and as the judgment was not recorded in the county clerk's office, as required by law, it would have no effect herein, unless the delinquent tax attorney did have actual knowledge of the same. Ferguson did not testify whether he made the notation with reference to the Woodward judgment on the index card in the abstract company's office before or after he had furnished the information to the tax attorney. The evidence is conclusive that he did not furnish such information because the information sheet produced in court shows that it contained no such information. The fact that the tax attorney made an affidavit that unknown owners might be claiming some interest in this land does not establish in any way that he had knowledge of the Woodward judgment. The tax attorney is presumed to do his duty as a public officer, and we must presume in absence of proof to the contrary, that if the tax attorney had been furnished such information he would have made appellees parties to the tax suit.

We do not find it necessary to pass upon other questions presented, but the conclusion reached requires that the judgment herein be reversed and that judgment be rendered that appellees take nothing.

Reversed and rendered.